IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLIED DENTAL GROUP, LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1637 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I.   MEMORANDUM**

This is an action for breach of insurance contract, negligence and bad faith under Pennsylvania law. It was properly removed from the Court of Common Pleas in Butler County on the basis of diversity jurisdiction. Plaintiff filed an amended complaint (Doc. 7) on December 17, 2012, asserting, for the first time, a negligence claim against Defendant for its failure to adequately evaluate Plaintiff's insurance coverage needs (Count I). Plaintiff also asserts a breach of insurance contract claim (Count II) and bad faith claim (Count III). Defendant has filed a motion to dismiss (Doc. 8) Count I and Count III, and moves to strike certain references in the amended complaint. For the reasons stated below, Defendant's motion will be denied.

**BACKGROUND**

   **A. Factual Background**

In September 2006, Allied Dental Group ("Plaintiff") purchased a business insurance policy (the "Policy") from State Farm Fire and Casualty Company ("Defendant"). (Am. Compl. ¶¶ 6, 16, 17). The Policy provided various coverage, including "Coverage B" for business

personal property and improvements and betterments with limits of $292,000.00 and "Coverage C" for the actual loss of business income sustained during a period of restoration.  Id.  On September 14, 2010, a fire severely damaged the office building Plaintiff leased and as a result Plaintiff submitted a claim under the Policy.  Id. at ¶ 24.  Defendant has paid Plaintiff approximately $292,000.00 under "Coverage B" but Plaintiff asserts that its actual personal property loss as a result of the fire is $609,022.00.  Id.

Plaintiff's lawsuit alleges that Defendant was negligent in its evaluation and recommendation of coverage under the Policy and, as a result, Plaintiff was underinsured.  In addition, Plaintiff alleges that Defendant breached the terms of the Policy and acted in bad faith during the investigation and settlement of the claim.

## ANALYSIS

### Negligence Claim

Defendant moves to dismiss Count I because, as it argues, the claim was filed beyond the applicable two-year statute of limitation[1] and does not comply with Federal Rule of Civil Procedure 15.  When a party amends a complaint adding a new claim beyond the statute against an existing party, the applicable provision is Rule 15(c)(1)(B), which provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out – in the original pleading."  The United States Court of Appeals for the Third Circuit has allowed for amendment under Rule 15 in cases where the amendment expounds upon, in further detail, the factual scenario and claims set forth in the original

---

[1]  The parties do not dispute that Plaintiff's negligence claim was added beyond the two-year statutory limit under 42 Pa. C.S.A. § 5524 and would have been timely if filed under the original complaint.

complaint.  Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).  The decisions have been guided by the proposition that factual averments contained in the original complaint must encompass the more particularized claims alleged in the amended pleading, thereby providing Defendant with notice of every possible claim.  See Id.

The facts alleged in Plaintiff's original complaint can be read to encompass a claim of negligence against Defendant.  In essence, Plaintiff made factual allegations consistent with a claim that Defendant was negligent in assessing its coverage needs.  The operative facts contained in the original complaint were as follows:

- Plaintiff relied upon the expertise of Harry J. Liederbach and Lynn Hopkins, as to the type of coverage and the amount of insurance limits to properly insure its business.
- Both Agent Lynn Hopkins and Agent Harry J. Liederbach had access to the business premises and business records of the Plaintiff…but there was a failure to inspect Plaintiff's business premises and business records as to assure adequate insurance coverage limits.
- Defendant, and/or its Agents, failed to exercise the care that a reasonably prudent businessman in the insurance field should have exercised to assure Plaintiff was fully inured to protect against such loss was sustained by Plaintiff.

Compl. ¶ 22, 23.  (Doc. 1, ex. 9)

In the amended complaint, Plaintiff set forth more particularized claims of negligence related to the Policy including, but not limited to, allegations that Defendant was negligent in its selection of the estimation system used to analyze its coverage needs, and was negligent in training its employees to determine its coverage needs. (Am. Compl. ¶¶ 36, 37).  The broad averment in the original complaint that Defendant failed to exercise the care that a reasonably prudent businessman in the insurance field would have exercised to assure proper coverage adequately notified Defendant of a potential negligence claim.  Defendant's motion to dismiss Count I is denied.

**Bad Faith Claim**

To make out a claim for bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. W.V. Realty Inc. v. Northern Ins. Co. of N.Y., 334 F.3d 306, 312 (3d Cir.2003). In addition, a claim for bad faith may arise from an insurer's investigation of the claim or delay in settling a claim. See Greene v. United Svcs. Auto. Ass'n., 936 A.2d 1178, 1188 (Pa. Super. 2007) ("bad faith conduct also includes lack of good faith investigation into facts[.]") (internal citations omitted), Kosierowski v. Allstate Ins. Co., 51 F.Supp.2d 583, 588-89 (E.D. Pa. 1999) (delay is a relevant factor in determining whether bad faith has occurred).

Plaintiff's bad faith claim is based on Defendant's alleged failure to properly investigate its claim and alleged failure to settle the claim within a reasonable timeframe. (Am. Compl. ¶¶ 37, 51-55). Defendant argues that the claim should be dismissed because Plaintiff has failed to allege sufficient facts to state a plausible claim under Pennsylvania law. The Court does not agree with Defendant's position. To the contrary, the Court finds that Plaintiff has stated at least a plausible claim for bad faith based on failure to investigate and delay in settling the claim. In support, Plaintiff makes specific factual averments including, but not limited to, that Defendant refused to meet with corporate accountants to discuss Plaintiff's losses; Defendant unreasonably utilized an accountant who was not familiar with Plaintiff's billing process and later relied on that accountant's opinions in determining coverage; Defendant failed to retain legal counsel regarding Plaintiff's claim; Defendant failed to meet with Plaintiff regarding certain factual determinations necessary to determine its loss; and Defendant delayed payment for thirteen months. (Am. Compl. ¶¶ 59, 60).

Contrary to Defendant's arguments, these statements, if accepted as true, can be the basis for a plausible bad faith claim under Pennsylvania law.  In addition, these statements are not the types of conclusory allegations that courts have held fail to state a claim upon which relief can be granted.  See Henderson v. Nationwide Mut. Ins. Co., 169 F.Supp.2d 365, 369 (E.D. Pa. 2001) (denying motion to dismiss bad faith claim where plaintiff alleged, without specific factual assertions, that insurer "failed to objectively and fairly evaluate Plaintiff's claim" and "conducted an unreasonable investigation" of Plaintiff's claim).  Defendant's motion to dismiss Count III is denied.

**Motion to Strike**

It is well established that a court should grant a motion to strike only when "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  Medevac MidAtlantic v. Keystone Mercy Health Plan, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011) (internal citations omitted). [2]

Here, Defendant argues that the Court should strike paragraphs 52, 60(b) and 60(c) of Plaintiff's amended complaint because those paragraphs reference accounting and legal fees that are not recoverable under the Policy or any statutory authority.  (Def.'s Br. p. 14).  Plaintiff argues that these expenses are recoverable under the Medical Office Option Package of the Policy, which provides coverage for "extra expense[s]" incurred to avoid or minimize the suspension of operations caused by the destruction of property.  (Pl.'s Opp. pp. 14, 15) (Doc. 11).  Plaintiff also cites to other general provisions which, it contends, provide for reimbursement of accounting and legal fees.  Id.

---

[2]   Although not clearly articulated as the basis for Defendant's motion, the Court will evaluate Defendant's motion to strike under Rule 12(f).

The Court finds that the facts asserted in paragraphs 52, 60(b) and 60(c) are related to the controversy and present no prejudice to Defendant or potential for confusion. Furthermore, and contrary to Defendant's request, a determination of whether accounting and legal fees are recoverable under the Policy is premature. Defendant's motion to strike the cited paragraphs is denied.

## **CONCLUSION**

For all the reasons stated above, Defendant's motion to dismiss is denied.

## II. ORDER

For all the reasons stated above, the Court hereby orders that Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

                                                              s/ Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

September 27, 2013

cc (via e-mail):

All counsel of record.